**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**BSH HOME APPLIANCES CORPORATION,**                 **PLAINTIFF,**

**VS.**                 **CIVIL ACTION NO. 1:06CV80-P-D**

**JAMES BERRY d/b/a JACOB'S LADDER
and DONNA JACOBS d/b/a JACOB'S LADDER,**               **DEFENDANTS.**

**TEMPORARY RESTRAINING ORDER**

This matter comes before the court upon Plaintiff's May 19, 2006 Motion for Temporary Restraining Order [19-1]. Upon due consideration of the motion, the court finds that for the purposes of a Fed. R. Civ. P. 65 temporary restraining order, the plaintiff has demonstrated a substantial likelihood of success on the merits, a substantial threat of irreparable injury if the injunction is not issued, that the threatened injury both to the plaintiff and to the public outweighs any damage the injunction might cause the non-movant, and the injunction will not disserve public interests.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's May 19, 2006 Motion for Temporary Restraining Order [19-1] is **GRANTED**; therefore,

(2) Pending a hearing at 1:30 p.m. on Wednesday, May 24, 2006 at the United States Courthouse in Greenville, Mississippi, the defendants and their agents, employees, attorneys, or any person in active concert or participation with them who receive actual notice of this order are hereby **RESTRAINED** from:

    (a) Distributing, selling, offering for sale, holding for sale, transferring, transporting, or otherwise disposing of, advertising or promoting, or repairing, modifying or otherwise

1

altering, all appliances bearing the BOSCH trademark in their possession or control;

(b) Doing any other act or thing likely to confuse, mislead or deceive members of the public into believing that Defendants' BOSCH-branded appliances emanate from, or are connected with, licensed, sponsored by, or approved by BSH;

(c) Destroying, moving, hiding, distributing or otherwise disposing of any documents, equipment, machinery or things relating to the sale, distribution, advertising or promotion of BOSCH-branded appliances, including documents relating to Defendants' suppliers for BOSCH-branded appliances, Defendants' distribution, sale, advertising and promotion of BOSCH-branded appliances, and documents relating to Defendants' purchase or receipt of BOSCH-branded appliances; it being recognized that such documents shall consist of any writings, correspondence, notes, books, e-mail messages, memoranda, invoices, purchase orders, receipts, pamphlets, reports account books, rolodex information, calendars, photographs, slides, videotapes, films, drawings, sketches, illustrative materials, magnetic recording tapes, computer records or data, websites, microfilm and other storage means by which information is retained in retrievable form, and all other materials whether printed, typewritten, recorded, or reproduced by any process and whether in final or draft form;

(d) Assisting, aiding or abetting any other person or business entity in engaging in any of the activities prohibited in subparagraphs (a) through (c) above;

(3) That a bond in the amount of $20,000.00 has been required by the court for the issuance of this Temporary Restraining Order; that the plaintiff, as principal, and The Ohio Casualty Insurance Company, as surety, are held bound unto the United States of America in the penal sum of $20,000.00 for which payment well and truly be made and are jointly and severally bound by that

bond; if the plaintiff shall pay any and all costs and damages that may be incurred by any party who is found to have been wrongfully enjoined or restrained, the bond is void, otherwise the bond will remain in full force and effect; and that said bond has been deposited with the Clerks' Office in Oxford, Mississippi; and

(4) That the court has issued this Temporary Restraining Order effective 4:55 p.m. on May 23, 2006 in Greenville, Mississippi.

**SO ORDERED** this the 23rd day of May, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE